IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SOLOMON L. HENDERSON,       :

    Plaintiff,       :

vs.       :       CIVIL ACTION 15-00280-KD-N

BILLY BOWEN, et al,       :

    Defendants.       :

REPORT AND RECOMMENDATION

Plaintiff filed the instant case alleging violations under 42 U.S.C. § 1983 and a Motion for Leave to Proceed Without Prepayment of Fees (Doc. 5)1. This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to keep the Court apprised of his address, it is recommended that this action be dismissed without prejudice.

On May 27, 2015, this Court issued an Order directing Plaintiff to file this Court's form for a complaint under 42 U.S.C. § 1983 and to pay the filing fee of file this Court's motion to proceed without prepayment of fees (Doc. 6). On June 11, 2015, the order was returned as undeliverable (Doc. 7). Plaintiff has not advised the Court of a change of address, and the Court has been unable to locate a current address for him. Due to this failure, the Court construes the lack of a response as an indication that Plaintiff is no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to prosecute this action, and upon consideration of

---

1 This action was transferred from the Middle District of Alabama and filed with this Court on May 27, 2015.

the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.   Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court=s inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 22nd day of July, 2015.

                                        s/KATHERINE P. NELSON  
                                        UNITED STATES MAGISTRATE JUDGE